TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
*thatfield@hatfieldlawassociates.com*

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD C. LUM, an individual,<br><br>   Plaintiff,<br><br>   vs.<br><br>LVHR CASINO, LLC, a Domestic Limited Liability Company, d/b/a HARD ROCK HOTEL & CASINO; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive,<br><br>   Defendants. | CASE NO:<br><br>**COMPLAINT FOR DISCRIMINATION UNDER TITLE I AND V OR THE AMERICANS WTH DISABILITIES ACT FOR WRONGFUL TERMINATION AND RETALIATION.** |

COMES NOW, Plaintiff, RICHARD C. LUM (hereinafter, "Plaintiff"), by and through his counsel, the law firm of Hatfield & Associates, Ltd., and alleges upon information and belief against the above-captioned Defendants as follows:

**PARTIES**

1. At all times relevant hereto, Plaintiff, residing in Las Vegas, Clark County, Nevada, suffered and suffers from an injury that occurred while he was working for his employer, Defendant.

2. Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq., and applicable case law.

///

///

///

1

3. Upon information and belief, at all times relevant hereto, Defendants are or were domestic or foreign corporations or similar business entities organized and existing under the laws of the State of Nevada or which regularly conducted business in Nevada or were foreign corporations which regularly conducted business in Nevada.

4. Defendants regularly employ fifteen or more persons.

5. The true names or capacities, whether individual, corporate, association or otherwise, of Defendants DOES I through X, and ROE CORPORATIONS I through X, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the Defendants designated herein as a DOE and a ROE CORPORATION are responsible in some manner for the events and happenings referred to and caused damages proximately to the Plaintiff as herein alleged. Plaintiff will ask leave of this Court to amend its Complaint to insert the true names and capacities of DOES I through X, and ROE CORPORATIONS I through X, when the same have been ascertained and to join such Defendants in this action.

## JURISDICTION AND VENUE

6. The Defendants are now and was at all times mentioned herein an "employer" of the Plaintiff within the definition of Title I and V or the American's with Disabilities Act of 1990, and amendments thereto, and 42 U.S.C. Section(s) 1201 et seq.; the Rehabilitation Act of 1973, and amendments thereto, and 29 U.S.C. Section 701, et seq.; and laws of the State of Nevada.

7. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. The Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments. This Court may also exercise pendant jurisdiction over Plaintiff's state law

claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

8. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, or resided, and Defendants reside or resided, and/or regularly conducts business and where all the wrongful conduct occurred.

**ADMINISTRATIVE PREREQUISITES**

9. Plaintiff has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 as follows:

10. Plaintiff was terminated from his employment on or about March 19, 2014, and Plaintiff thereafter timely filed a formal charge of discrimination with the Equal Employment Opportunity Commission [hereinafter "EEOC"].

11. Plaintiff promptly and diligently accommodated all EEOC requests for information and fully cooperated in the agency's investigation of this matter;

12. Plaintiff has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this civil action, and Plaintiff has timely filed this action.

13. Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

**FACTUAL ALLEGATIONS**

14. Plaintiff is a qualified individual with a disability within the meaning of the American's with Disabilities Act of 1990, and amendments thereto, and 42 U.S.C. Section 1201 et seq., the Rehabilitation Act of 1973, and amendments thereto, and 26 U.S.C. Section 701 et seq., and 29 U.S.C. Section 2601 et seq.

///

15. Plaintiff was hired by Defendant as a table games dealer April, 2003. Upon information and belief and at all relevant times, Defendant employed in excess of fifteen (15) employees for at least twenty (20) calendar weeks from 2003 to the present time, and was further engaged in an industry directly affecting interstate commerce.

16. At all relevant times, all matters regarding compensation, terms, conditions, rights and privileges of Plaintiff's employment were governed and controlled by Defendants equally.

17. Upon information and belief and at all relevant times, certain individuals were acting as supervisors, agents, servants and/or employees of Defendants. Defendants are therefore liable for the acts and omissions of these individuals pursuant to the principals of ratification, respondeat superior and actual and/or implied agency.

18. At all relevant times, Plaintiff fully, adequately and completely performed all of the functions, duties and responsibilities of his employment with Plaintiff until he became injured while on the job. Plaintiff filed a workers' compensation claim.

19. Plaintiff was informed by Defendants supervisory employees that he temporarily could not work due to him suffering an on the job injury. He requested accommodation and leave, which was provided to him initially only to be rescinded by Defendants without notice or opportunity for engagement in an interactive process for accommodation for his disability.

20. Plaintiff was discharged by his employer on or about March 19, 2014.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Wrongful Termination Under the ADA

21. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

///

22. Defendants initially provided leave to Plaintiff in order to accommodate his temporary disability and recuperate, then revoked accommodation and thereafter refused to provide Plaintiff with reasonable accommodation for his disability, although Plaintiff was capable of performing his duties if he had only been provided ample time to recuperate.

23. Defendants continually, intentionally, and in a discriminatory manner refused to accommodate Plaintiff in his position because of his disability.

24. Defendants' termination of Plaintiff was not based upon any medical justification or other reasonable reason and was discriminatory as to Plaintiff. Defendants terminated Plaintiff without just cause and because of his disability.

25. Such adverse employment actions by Defendants were in violation of the ADA.

26. Following Defendants' termination of Plaintiff, based upon information and belief, Plaintiff was replaced by a non-disabled individual.

27. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to him as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

28. Plaintiff should be awarded punitive damages as well because of Defendants' extreme and outrageous conduct.

29. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

///

## SECOND CAUSE OF ACTION

### Retaliation Under the ADA

30. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

31. Defendants initially provided leave to Plaintiff in order to accommodate his temporary disability and recuperate, then revoked accommodation and thereafter refused to provide Plaintiff with reasonable accommodation for his disability, although Plaintiff was capable of performing his duties if he had only been provided ample time to recuperate.

32. Defendant continually, intentionally, and in a discriminatory manner refused to accommodate Plaintiff in his position because of his disability.

33. Defendants' termination of Plaintiff was not based upon any medical justification or other reasonable reason and was discriminatory as to Plaintiff.  Defendants terminated Plaintiff without just cause and because of his disability.

34. Such adverse employment actions by Defendants were in violation of the ADA.

35. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to him as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

36. Plaintiff should be awarded punitive damages as well because of Defendants' extreme and outrageous conduct.

///

///

///

6

37. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

### REQUEST AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and damages against Defendants as follows:

1. Enter an injunction ordering Defendant to make Plaintiff whole with full back pay, benefits and reinstatement to a position Plaintiff would have obtained in the absence of discrimination or, in the alternative, front pay;

2. An award to Plaintiff for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses within this Court's jurisdiction subject to proof;

3. An award to Plaintiff for general damages within this Court's jurisdiction subject to proof;

4. An award to Plaintiff for exemplary and/or punitive damages.

5. An award to Plaintiff for reasonable attorney's fees and costs, including but not limited to expert witness fees, and as provided under state law;

6. An award to Plaintiff of interest on any awards at the highest rate allowed by law; and

7. Such other and further relief as this Court deems just and appropriate.

Dated this 2nd day of June, 2016.    **HATFIELD & ASSOCIATES, LTD.**

By:  /s/ *Trevor J. Hatfield*

Trevor J. Hatfield, Esq. (SBN 7373)
703    South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
*Attorney for Plaintiff*